Inez Lee DICKSON, Appellant,

v.

E. M. STOCKMAN, Appellee.

No. 7770.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 6, 1966.

Rehearing Denied Dec. 27, 1966.

Herbert Finkelstein, W. T. Dorman, Houston, for appellant.

Wm. Brantly Harris, Butler, Binion, Rice, Cook & Knapp, Houston, for appellee.

FANNING, Justice.

Appellant sued appellee upon a promissory note and to foreclose upon certain security for its payment. Judgment was entered for defendant-appellee. Plaintiff-appellant has appealed.

Appellant, Inez Lee Dickson (nee Mathis) sued appellee, E. M. Stockman, to recover the unpaid balance of $11,371.69 upon a promissory note, together with in-terest at 10% from August 23, 1963, an attorney's fee of 10% of the principal and interest, for foreclosure of a chattel mortgage and cancellation of 24 City of Houston taxi cab permits. Appellant not only in her original petition and also in her first amended original petition, but also in her motion for summary judgment alleged the above amount to be the true and correct amount owed her by the defendant-appellee. Mrs. Dickson on December 31st, 1963, also in her supporting affidavit to her motion for summary judgment, swore that the amounts above referred to were the balance due her from defendant-appellee. At that time, according to defendant-appellee's pleading, the principal amount then owing was $11,338.92 instead of $11,371.69, which was $32.77 less than the principal claimed by plaintiff-appellee; it was defendant-appellee's further position by its pleading that there had been a certain extension agreement made on August 19, 1958, between the parties for repayment on the original $40,-000.00 note, which note was originally executed on January 8, 1958, and that he had paid appellant various payments amounting to $37,405.00, of which amount $8,743.-92 was applied to interest and the balance to the principal up to the 30th day of August, 1963, and defendant-appellee further alleged that an attorney's fee was not due because he had paid according to the extension agreement. It thus appears that at the time of the filing of appellant's motion for summary judgment that there was a genuine and bona fide dispute between the parties as to the balance of the amount due and owing on the note in question.

The case was settled by agreement of the parties of January 18, 1964, based upon plaintiff's pleadings then on file in the district court and based upon the figures set out in plaintiff's pleadings and her motion for summary judgment, which motion for summary judgment had been set for hearing on January 20, 1964.

Pursuant to such settlement agreement defendant paid to plaintiff the full amounts

due under the settlement agreement in the following manner:

1. $4,000.00 by check dated January 20, 1964, payable to Inez Lee Dickson showing an endorsement of "Inez Lee Dickson, for Deposit Only".

2. $2,500.00 by check dated March 2, 1964, payable to Inez Lee Dickson and endorsed "Inez Lee Dickson, for Deposit Only".

3. $2,500.00 by check dated April 6, 1964, showing the endorsement "Inez Lee Dickson, for Deposit Only".

4. Attorney's fees in the sum of $1,137.-16, payable to W. T. Dorman, dated January 20, 1964, and showing endorsement by W. T. Dorman.

5. Defendant's receipt from the District Clerk of Harris County, Texas, showing the payment into the Registry of the District Court the sum of $2,992.-38, dated June 18, 1964.

After settling the case in the manner above outlined, the plaintiff-appellant on June 9, 1964, filed her second amended original petition seeking a much larger amount, $19,822.88 as principal and interest and $1,-982.28 as attorney's fees. Defendant-appellee in answer thereto plead accord and satisfaction by the payment of the settlement agreed upon by the parties, and further plead ratification and acceptance of benefits by plaintiff, and further plead that plaintiff-appellant was estopped, both judicially and equitably, to contend for more than the settlement which had been paid. Defendant-appellee also pleaded again the oral extension agreement with respect to the note in question, and pleaded that the proper interest rate under the terms of the note and extension agreement was 6% per annum and that plaintiff had waived the right to accelerate the maturity of the promissory note and to claim interest at 10% per annum by entering into the oral extension agreement of August 17, 1958, by accepting the extended payments tendered by defendant for approximately 5 years until August 17, 1963, knowing that defendant was relying on the oral extension agreement, without making any statement to defendant that plaintiff was accelerating the note or claiming increased interest thereunder and by accepting payments totalling $10,137.16 under the settlement agreement entered into on or about January 18, 1964, and that plaintiff was estopped to assert that she accelerated the note or increased the interest contrary to said oral agreement. Defendant's pleading with respect to judicial and equitable estoppel was as follows:

"Plaintiff is judicially and equitably estopped by having settled the cause of action alleged herein, by having accepted payment of $10,137.16 pursuant to such settlement, and by having filed herein the verified first motion for summary judgment in which Plaintiff alleged under oath facts inconsistent with the claims subsequently and now made in Plaintiff's Second Amended Original Petition."

The appellant accepted and cashed checks for installments totalling $9,000.00 on the settlement agreement, and her attorney accepted the stated attorney's fee of $1,137.16. Appellant declined the final settlement installment of $2,992.38, which was then placed in the registry of the court. The trial court required the plaintiff to pay the aggregate sum of $10,137.16 received by appellant and her attorney subsequent to the settlement agreement into the registry of the court, whereupon appellant filed a trial amendment asserting a right to recover the sum of $24,156.36 and an attorney's fee of $2,415.63.

In response to special issues submitted the jury found to the effect that the case was settled (Issues 1 and 2), but at the time of settlement no bona fide dispute existed as to the amount then owing (Issue 4), and that an extension agreement was entered into in 1958 by which appellant agreed to

allow appellee to continue paying interest at 6% and to make payments of amounts less than the $1,000.00 per month provided in the note but greater than the interest owing. The trial court set aside and disregarded the jury's answer to special issue 4 and entered judgment that plaintiff take nothing against defendant.

Appellant, among other contentions, contends to the effect that her claim was liquidated and that the trial court erred in disregarding the jury's answer to issue No. 4 to the effect that there was no bona fide dispute as to her claim, and that there was no accord and satisfaction.

 Appellant relies upon the harsh rule that a creditor's agreement to accept less than the full amount of a liquidated and undisputed claim is unenforceable for lack of consideration. 1 Tex.Jur.2d, Accord and Satisfaction, Sections 13 and 14. This rule has been severely criticized. See Silvers Box Corporation v. Boynton Lumber Company, 297 S.W. 1059 (Tex.Civ.App. Eastland 1927, writ refused); Shelton v. Jackson, 20 Tex.Civ.App. 443, 49 S.W. 415 (1899, writ refused). However, the rule only applies to a claim which is liquidated and is not the subject of a bona fide dispute, and the converse of the stated rule is that if either of these elements is not present the settlement agreement is valid and enforceable. Consideration is found in the resolution of the uncertainty which exists as to the validity or the amount of the appellant's claim. See 1 Tex.Jur.2d, Accord and Satisfaction § 30, wherein it is stated in part as follows:

"A valid accord and satisfaction of a money demand may be based on payment of an amount less than the creditor contends is due, or which may be actually due, where the claim is unliquidated, or where there is a bona fide dispute between the parties as to liability on a liquidated claim. The creditor is bound by such an accord and satisfaction of a disputed money claim, though his accept-

ance was under protest. This rule, or, as it has been characterized, this exception to the general rule that part payment will not extinguish a liquidated demand, applies though the debt is evidenced by a note, or by a judgment.

"The settlement of an unliquidated claim or of a liquidated claim that has been disputed in good faith is of itself a sufficient consideration to support an agreement of accord. In this situation, the courts will not inquire into the adequacy of the payment made on a money demand. * * *."

██ A liquidated demand is one "the amount or extent of which has been fixed or agreed on by the parties." 1 Tex.Jur.2d, Accord and Satisfaction, § 12. In 1 Am. Jur.2d, Accord and Satisfaction, § 26, it is defined thus:

"Liquidated means made certain as to what and how much is due, and a liquidated claim is one which can be determined with exactness from the agreement between the parties, or by arithmetical process, or by the application of definite rules of law.

"The term 'Unliquidated' means simply not liquidated. A demand is not liquidated even if it appears that something is due, unless it appears how much is due * * *."

As of the time the suit was settled, on January 18, 1964 (as found by the jury) the appellant, according to her pleadings, motion for summary judgment, and supporting affidavit, claimed that the amount due her by defendant-appellee was $11,371.69 principal, plus interest at 10% from and after August 23, 1963, plus a 10% attorney's fee. Defendant-appellee, on the other hand, at said time claimed that the unpaid principal balance was $11,338.92, plus interest at 6% from and after August 30, 1963, and claimed that no attorney's fee was due. There was a discrepancy of $32.77 between the princi-

pal balance of $11,371.69 claimed by appellant and the principal balance of $11,338.92 asserted by defendant-appellee as being due. While the sum of $32.77 was not a large discrepancy, yet it was a difference. The defendant-appellee settled the case on January 18, 1964, on the basis of the full claim then asserted by plaintiff-appellant and in doing so he gave up the sum of $32.77 claimed by him on the principal, gave up his contention that interest be computed at 6% instead of 10% after Aug. 23, 1964, and gave up his contention that the 10% attorney's fee was not due and thereafter paid said claim and attorney's fee according to the terms of the settlement.

■ We conclude that under the record in this cause that plaintiff-appellant's claim was unliquidated. In this connection see First State Bank v. Knapp, 3 S.W.2d 468 (Tex.Civ.App. Amarillo 1928, no writ), and Grindstaff v. North Richland Hills Corporation No. 2, 343 S.W.2d 742 (Tex.Civ.App. Ft. Worth 1962, writ ref'd, n. r. e.). For that reason the trial court correctly set aside and disregarded the jury's answer to special issue No. 4 and correctly rendered a take nothing judgment by reason of there being a valid accord and satisfaction between the parties.

If we should be mistaken in our view that plaintiff-appellant's claim was unliquidated, it is our further view that there were, without question, one or more bona fide disputes about the amount of the claim between the parties, which would also make the settlement of Jan. 18, 1964, a valid and binding accord and satisfaction between the parties.

■ It is our further view that appellant can not avoid the accord and satisfaction upon the ground of mistake because mistake was neither pleaded nor proven.

We think the judgment of the trial court can also be supported for the reasons stated in appellee's fourth counter-point which reads as follows:

"Appellant is judicially or in the alternative equitably estopped by her sworn motion for summary judgment from asserting that Appellee owed more than $11,371.69 plus interest at ten per cent from August 23, 1963 and an additional ten per cent of such principal and interest as attorneys' fees."

■ The motion for summary judgment was appellant's final pleading when the case was settled. The case was settled on the basis of that pleading and the amounts claimed in said pleading, with appellee paying $32.77 more than he claimed was due on the principal, and with appellee also acceding to all the other claims claimed by appellant in her motion for summary judgment and sworn to by her supporting affidavit. We hold that under the circumstances in this case, appellant is judicially estopped from contradicting the averments in her motion for summary judgment and supporting affidavit, upon which averments the case was settled. In this connection see Long v. Knox, 155 Tex. 581, 291 S.W.2d 292 (1956). It is our further view that since the motion for summary judgment and supporting affidavit were relied upon by appellee in settling the case, and since appellee paid the settlement amounts as shown by the record, that appellant is also equitably estopped from contradicting her motion for summary judgment and sworn supporting affidavit.

All of appellant's points and contentions have been considered and are overruled.

Finding that the trial court entered a correct judgment, the judgment of the trial court is accordingly affirmed.