**HODGES FOOD STORES, INC., Appellant,**

v.

**GULF INSURANCE COMPANY, Appellee.**

No. 17303.

Court of Civil Appeals of Texas.

Dallas.

May 16, 1969.

Emil Corenbleth, Dallas, for appellant.

W. Richard Bernays, of Touchstone, Bernays & Johnston, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is an appeal from a take nothing judgment, following a jury trial, denying appellant any recovery in its action against appellee based upon a safe burglary policy or, in the alternative, to enforce an agreement of appellee's adjuster to pay appellant's claim under the policy.

The facts are without dispute. Gulf Insurance Company had issued to Hodges Food Stores, Inc., its Texas Standard Form Burglary Policy containing provision for coverage of safe burglary but expressly providing that safe burglary insurance was not effective unless entry thereto was shown to have been made by actual force and violence, being demonstrable by visible marks made by tools, explosives, electricity or chemicals upon the exterior of the door of such safe. On or about March 1, 1968 a burglary occurred on the premises of one of Hodges Food Stores' places of business covered by the policy. The store contained a safe which had been opened and contents valued at approximately $14,000 had been taken therefrom. However, it is undisputed that there were not any marks or other signs of forceable entry to the safe. The loss was reported to the insurance company and one of its adjusters, a Mr. Lang, was assigned to investigate the incident. Mr. Lang went to the store and was shown the evidence of the burglary and theft. At the conclusion of Mr. Lang's investigation he said to the manager of the store: "It looks like we owe you seventy-five hundred." The maximum limits of liability for safe burglary as enumerated in the policy was the sum of $7,500. The manager of the store testified that there was no discussion about any doubtful claim or compromise but only that Gulf owed "seventy-five hundred dollars to Hodges." Mr. Robert Hodges, Vice-President of Hodges Food Stores, Inc., testified that there was no dispute between the parties and that both Mr. Lang and he thought that there was coverage under the policy for the loss. Mr. Lang testified that after investigating the scene of the loss he concluded that Gulf owed the claim and made no effort to secure a proof of loss from the insured. Mr. Lang stated that he wanted to expedite the claim and get Hodges the money as fast as he could. Lang testified that he and Hodges never discussed the claim as being doubtful, but only that there was a loss in excess of the policy limits and that Gulf would pay. Mr. Lang therefore prepared a draft on Gulf Insurance Company in the sum of $7,500 payable to Hodges Food Stores, Inc. and transmitted same to Hodges. In the meantime it was discovered that the policy did not cover the loss and Mr. Lang telephoned Mr. Hodges and informed him of the mistake. Hodges deposited the draft and when it was presented Gulf refused to honor same.

Hodges brought this action both on the policy itself and, in the alternative, based upon the agreement to settle. Gulf responded with a plea of (1) no coverage; (2) mutual mistake; and (3) no consideration for any agreement to pay the sum of $7,500.

In response to special issues submitted the jury found (1) that there was no safe burglary within the meaning of the insurance policy; (2) that Gulf agreed to pay Hodges the sum of $7,500 in full satisfaction of the claim; (3) that Hodges agreed to accept from Gulf the sum of $7,500 in full satisfaction of its claim; (4) that there was not a good faith dispute between Hodges and Gulf as to whether

the loss in question was covered by the insurance policy; and (5) that when the draft was issued and mailed by Gulf to Hodges the representatives of the parties were acting under a mutual mistake as to whether there was a safe burglary within the meaning of the policy. The trial court rendered judgment denying Hodges any relief against Gulf.

Appellant concedes that there was no insurance coverage applicable to the loss in question. Appellant brings forward no points of error complaining of the findings of the jury to the special issues submitted.

In two points of error appellant says (1) that the court erred in granting judgment to appellee on the ground that there was no consideration to support the agreement to pay the loss; and (2) that a mutual mistake as to coverage cannot be the basis for a rescission of an agreement to pay a loss.

In its brief, appellant says:

"The sole issue upon which this appeal is predicated is whether there was adequate consideration to support Defendant's agreement to pay the $7,500.00 draft issued by it when both insured and insuror believed that the loss for which payment is being made was covered by the policy, and it is subsequently determined that the loss was in fact not covered."

We find no basis in law or in equity to support appellant's contention. Appellee correctly points out that the principle of law that is applicable to this case is usually found in those cases where the insurance company is attempting to recoup payments made by mistake to the insured. In 167 A.L.R. 470 et seq., is found an exhaustive discussion of the law applicable to payments made as a result of a mutual mistake of fact. As stated there: "An insurer who made a payment under an erroneous belief induced by a mistake of fact that the terms of the insurance contract required such payment is entitled to restitution from the payee." Many cases throughout the United States are cited in support of this principle of law including the Texas case of Concordia Fire Ins. Co. of Milwaukee v. McCarty Motor Co., 45 S.W.2d 446 (Tex.Civ.App., Amarillo 1931, writ dism'd).

The rationale of the rule is that money paid to another under the influence of a mistake of fact belongs, in equity and good conscience, to the person who paid it. Pilot Life Ins. Co. v. Cudd, 208 S.C. 6, 36 S.E.2d 860, 167 A.L.R. 463 (1945). In the instant case the rule announced is applicable though the money was promised by the adjuster but not paid by the company.

A careful examination of the record clearly indicates an entire want of consideration for any agreement between appellee's adjuster and appellant's manager. The adjuster, proceeding upon a mistake of fact concerning insurance coverage, agreed to pay the maximum policy limits. The insured, also proceeding upon a mistake of fact concerning insurance coverage, agreed to accept the maximum policy limits. The record is devoid of any evidence concerning a compromise and settlement of a disputed claim.

Neither do we find any basis for appellant's contention that the agreement entered into was an accord and satisfaction. It is well settled in Texas jurisprudence that a valid accord and satisfaction of a money demand may be based on payment of an amount less than the creditor contends is due, or which may be actually due, where the claim is unliquidated, or where there is a bona fide dispute between the parties as to liability on a liquidated claim. Dickson v. Stockman, 411 S.W.2d 610 (Tex.Civ.App., Texarkana 1966, writ ref'd n.r.e.), citing 1 Tex.Jur.2d, Accord and Satisfaction, § 30, p. 228; Jenkins v. Henry C. Beck Co., 440 S.W.2d 85 (Tex.Civ.App., Dallas 1969). None of the elements of a valid accord and satisfaction appear in this record.

Appellant Hodges candidly concedes that it did not have a valid policy

of insurance covering the loss sustained by it on the occasion in question. By tortious reasoning it attempts to create some sort of legal liability flowing from a mutual mistake of fact. The breath of life cannot be blown into such an agreement admittedly the result of a mistake of fact on the part of both parties and one wholly void of consideration. Such an agreement, if one existed, cannot be recognized either in law or in equity. 38 Tex.Jur.2d, Mistake, § 4, pp. 741–743. The money promised by appellee's adjuster was never legally due and payable and cannot now be ordered by us to be paid.

We find no merit in either of appellant's points of error and therefore overrule same. The judgment of the trial court is affirmed.