**STEWART TITLE GUARANTY COMPANY, Petitioner,**

v.

**Roger N. AIELLO and Evelyn S. Aiello, Respondents.**

No. 96–0092.

Supreme Court of Texas.

Argued Oct. 1, 1996.

Decided Jan. 31, 1997.

Rehearing Overruled April 18, 1997.

agreed judgment did not obligate Stewart Title to determine and pay future claims of the Aiellos in its capacity as an insurer, we hold that the only legal relationship between the parties following entry of judgment was that of judgment creditor and judgment debtor. We therefore reverse the court of appeals's judgment on this issue. Accordingly, we vacate the Aiellos' award of actual tort damages and exemplary damages. We further hold that the court of appeals erroneously reduced the Aiellos' award of attorney's fees. Finally, we affirm the court of appeals's judgment on Stewart Title's breach of contract counterclaim and Stewart Title's claim for attorney's fees.

## I. Facts

When Roger and Evelyn Aiello discovered a five-foot utility easement on their property, they determined that it was not mentioned in their title insurance policy issued by Stewart Title. Stewart Title refused to honor their claim under the policy, and the Aiellos sued. Eventually, the parties settled.

By the terms of the settlement, Stewart Title agreed to pay the Aiellos a total of $319,000.00. Stewart Title further agreed to pay all court costs and $100.00 per day until all papers were signed and all funds paid. The trial court signed an agreed judgment on April 11, 1988, which read:

> [I]t is, therefore, ORDERED, ADJUDGED and DECREED by the Court that Plaintiffs, ROGER N. and EVELYN S. AIELLO, recover from Defendant STEWART TITLE GUARANTY COMPANY $319,000.00. Upon payment of such sum by cashier's check, Plaintiffs will deed over to the nominee of Stewart Title Guaranty Company's choice [the property]. All costs of Court expended or incurred in this cause are hereby adjudged against Defendant STEWART TITLE GUARANTY COMPANY.... Such cost to include costs of $100.00 per day from March 20, 1988 until closing papers are signed and funds received by plaintiffs.

The Aiellos made repeated attempts to contact Stewart Title and complete the settlement, but Stewart Title's attorney and officers never responded. Only after the

Charles E. Fitch, Ben A. Baring, Houston, John S. Birkelbach, El Paso, for petitioner.

Leslie Warner de Soliz, Victoria, I. Nelson Heggen, Houston, for respondents.

CORNYN, Justice, delivered the opinion of the Court.

In this appeal we consider whether Stewart Title Company's duty of good faith and fair dealing survived the entry of an agreed judgment with its insureds, Roger and Evelyn Aiello. The court of appeals held that it did. 911 S.W.2d 463, 471. Because the

Aiellos obtained a writ of execution and a constable arrived at Stewart Title's offices to execute the writ on June 3, 1988, did Stewart Title's attorney deliver a proposed deed to the Aiellos in accordance with the agreed judgment. Finally, on June 30, 1988, more than two months after the agreed judgment was rendered, Stewart Title paid the Aiellos $319,000.00 and requested the deed. The Aiellos, however, refused to deliver the deed because Stewart Title had neither arranged a formal closing to transfer the property nor paid any of the delay damages as required by the judgment. The Aiellos eventually delivered the deed on September 11, 1988, despite the fact that Stewart Title never held a closing or paid delay damages and postjudgment interest.

The Aiellos sued Stewart Title and others, claiming breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act (DTPA) and Article 21.21 of the Insurance Code, breach of contract, negligence, and gross negligence. Stewart Title counterclaimed for breach of contract and attorney's fees, alleging that the Aiellos breached the agreed judgment when they refused to promptly deliver the deed after Stewart Title paid the principal amount of the agreed judgment. The trial court granted summary judgment on all claims for all defendants but Stewart Title. As to Stewart Title, the trial court granted partial summary judgment on all of the Aiellos' claims except breach of the duty of good faith and fair dealing and breach of contract for acts occurring after signing of the agreed judgment.

At trial, the Aiellos prevailed on their breach of contract claim and their claim that Stewart Title breached the duty of good faith and fair dealing after the entry of the agreed judgment. Stewart Title prevailed on its counterclaim for breach of contract. Based on the jury's findings, the trial court rendered judgment for the Aiellos in the amount of $324,081.60, including: $100.00 a day from April 11, 1988 to June 30, 1988, totaling $10,200.00; pre- and post-judgment interest totaling $16,758.00; $7,234.60 stipulated contract damages; $16,500.00 for the mental

anguish of both Aiellos; $200,000.00 for exemplary damages; and $80,000.00 in attorney's fees through trial. The trial court awarded Stewart Title $10,000.00 for its breach of contract claim, but declined to award Stewart Title any attorney's fees for trial despite the jury's finding that it was entitled to $87,500.00. Appellate fees were awarded on a conditional basis, with the amount to be awarded reduced with each further appeal by Stewart Title.

The court of appeals affirmed the Aiellos' judgment, except that it reduced their attorney's fee award to $65,823.25. The court of appeals affirmed the judgment for Stewart Title on its counterclaim, and reversed the trial court's denial of Stewart Title's attorney's fees. 911 S.W.2d at 479.

Before this Court, Stewart Title challenges the propriety of imposing a duty of good faith and fair dealing under these circumstances and the award of exemplary damages predicated on breach of such a duty. It further challenges the award of treble damages under the DTPA and Article 21.21 of the Insurance Code. Finally, Stewart Title asserts that the court of appeals erred in its calculation of postjudgment interest. Stewart Title has not challenged the trial court's award of contract damages to the Aiellos. The Aiellos challenge the court of appeals's judgment upholding Stewart Title's breach of contract claim, its reduction of their attorney's fee award, and its award of attorney's fees to Stewart Title.

The parties' dispute boils down to when the Aiellos were required to transfer title to Stewart Title under the terms of the agreed judgment. Stewart Title argues that the Aiellos were required to surrender title to the home upon payment of the $319,000.00, and that the discussion of costs and closing at the end of the judgment was independent of the Aiellos' duty to convey title. The Aiellos, on the other hand, argue that they were required to convey title only after Stewart Title held a closing and paid for the house, closing costs, and postjudgment interest.

## II. Good Faith and Fair Dealing

■ A duty of good faith and fair dealing arises from a "special" relationship between

parties. *See, e.g., Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.,* 823 S.W.2d 591, 594 (Tex.1992); *Aranda v. Insurance Co. of N.A.,* 748 S.W.2d 210, 212 (Tex.1988); *Arnold v. National County Mut. Fire Ins. Co.,* 725 S.W.2d 165, 167 (Tex.1987). We have specifically imposed a duty of good faith and fair dealing on an insurer to investigate claims and make timely payment on covered losses. *Arnold,* 725 S.W.2d at 167.

> In the insurance context a special relationship arises out of the parties' unequal bargaining power and the nature of insurance contracts which would allow unscrupulous insurers to take advantage of their insureds' misfortunes in bargaining for settlement or resolution of *claims.* In addition, without such a cause of action insurers can arbitrarily deny *coverage* and delay payment of a *claim* with no more penalty than interest on the amount owed. An insurance company has exclusive control over the *evaluation, processing and denial of claims. For these reasons,* a duty [of good faith and fair dealing] is imposed....

*Id.* (emphasis added). The Aiellos contend that Stewart Title's duty of good faith and fair dealing continued even after the agreed judgment was entered.

■ Ordinarily, a suit on an agreed judgment sounds in contract, not tort. *Wagner v. Warnasch,* 156 Tex. 334, 295 S.W.2d 890, 893 (1956). A party to a contract is free to pursue its own interests, even if it results in a breach of that contract, without incurring tort liability. *Crim,* 823 S.W.2d at 594. Therefore, unless an independent tort, such as fraud, can be proved, the judgment creditor must rely on a breach of contract action. *See id.* at 597.

■ While *Aranda* states that it is well settled that a duty to perform a contract with "care, skill, reasonable expedience and faithfulness" accompanies every contract, *Aranda,* 748 S.W.2d at 212, it is not true that every contract carries with it a duty of good faith and fair dealing. *See English v. Fischer,* 660 S.W.2d 521, 522 (Tex.1983). The nature of the relationship between the parties, not merely the existence of the contract alone, is the essential factor in determining whether such a duty exists. *Aranda,* 748 S.W.2d at 212; *see also Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 698 (Tex.1994); *Crim,* 823 S.W.2d at 594. The duty of good faith and fair dealing in the insurance context arises because of the disparity of bargaining power inherent in the insurer-insured relationship as exemplified by the exclusive control that the insurer exercises over the processing of claims. *Aranda,* 748 S.W.2d at 212.

Despite the Aiellos' argument to the contrary, these concerns simply do not arise in the judgment creditor—judgment debtor context. The Aiellos were not left vulnerable by Stewart Title's exclusive control of the situation. Rather, as judgment creditors, they had available a variety of legal remedies by which to collect the money owed them, including execution, garnishment, turnover, or attachment. *See* TEX.R. CIV. P. 622 (writ of execution), 592 (attachment), 658 (garnishment); TEX. CIV. PRAC. & REM.CODE § 31.002 (turnover statute).

In support of their argument that the duty of good faith and fair dealing extends beyond entry of an agreed judgment, the Aiellos rely on *Aetna Casualty & Surety Company v. Marshall,* 724 S.W.2d 770 (Tex.1987). *Marshall,* however, is not dispositive.

■ In *Aetna Casualty & Surety v. Marshall,* Marshall suffered an injury and filed a workers' compensation claim, which Aetna denied, and litigation ensued. When Marshall and Aetna eventually settled the suit, the terms of the agreement required Aetna to pay for all past and *future* medical bills, as incurred. When Aetna failed to fulfill its obligations under the agreed judgment, Marshall successfully sued Aetna. *Id.* at 771.

*Marshall* is distinguishable, first, because although Marshall asserted a claim for breach of the duty of good faith and fair dealing, our decision explicitly turned on the Insurance Code. *Id.* at 772. Second, unlike Aetna, Stewart Title did not agree to pay or investigate future claims or otherwise continue to serve in its prior capacity as the Aiellos' insurer, but instead, it agreed only to pay a sum of money in return for a deed. Stewart Title's status, by contrast, was trans-

formed upon entry of the agreed judgment, from insurer to judgment debtor, and the Aiellos' former status as an insured became that of a judgment creditor.

The decision in *Torchia v. Aetna Casualty & Surety Company,* 804 S.W.2d 219 (Tex. App.—El Paso 1991, writ denied), is more closely analogous to this case. Like *Marshall, Torchia* involved a settled workers' compensation claim and later-filed suit for bad faith. Torchia alleged that Aetna acted in bad faith by settling the coverage claim, which included a release that applied not only to the initial claim but to all other claims that Torchia might ever have against Aetna as a result of how Aetna handled, defended, or settled the coverage claim at issue. *Id.* at 222. Noting that the plaintiffs cited no case in support of the proposition that the insurer's duty of good faith and fair dealing extends beyond the execution of a release, the court of appeals held that "the good faith duty ended when the release was signed." *Id.* at 224. Similarly, we hold that Stewart Title's duty of good faith and fair dealing to the Aiellos ended when the parties signed the agreed judgment and it was entered by the trial court.

Because the Aiellos have only a breach of contract claim, exemplary damages are not available and we vacate that award. *Twin City Fire Ins. Co. v. Davis,* 904 S.W.2d 663, 665 (Tex.1995). Because a breach of contract action will not support mental anguish damages, we also vacate that portion of the Aiellos' award. *Farmers & Merchants State Bank v. Ferguson,* 617 S.W.2d 918, 921 (Tex.1981).[1]

### III. Treble Damages under the Insurance Code and the DTPA

The Aiellos also argue that they should recover treble damages under article 21.21 of the Insurance Code and section 17.46 of the Deceptive Trade Practices Act. When the Aiellos filed their suit, section 16(a) of article 21.21 prohibited an insurer from engaging in any practice defined by section 17.46 of the DTPA. Act of May 21, 1973, 63rd Leg., R.S., ch. 143, § 2(c), 1973 Tex. Gen. Laws 338, *amended by* Act of April 4, 1985, 69th Leg., R.S., ch. 22, § 3, 1985 Tex. Gen. Laws 395, *amended by* Act of June 8, 1995, 74th Leg., R.S., ch. 414, § 13, eff. Sept. 1, 1995, 1995 Tex. Gen. Laws 3000.

The list of false, misleading, or deceptive acts or practices contained in section 17.46 is not exclusive. *Spradling v. Williams,* 566 S.W.2d 561, 564 (Tex.1978). But, "[a]n act or practice which is not among those listed in subsection 17.46(b) requires a jury issue to determine as a fact whether it was deceptive." *Id.* We interpreted the same version of article 21.21, section 16 at issue here in *Vail v. Texas Farm Bureau Mutual Insurance Company,* 754 S.W.2d 129 (Tex.1988). In *Vail,* we relied on *Spradling* to hold that a jury finding that an insurance company failed to exercise good faith in handling an insurance claim would sustain a claim that the insurer engaged in an unlisted deceptive trade practice under section 17.46 of the DTPA.[2] *Id.* at 135–36. As we have already determined that the Aiellos' bad faith claim fails, their claim for treble damages predicated on bad faith pursuant to article 21.21 of the Insurance Code and section 17.46 of the DTPA must likewise fail.

### IV. The Aiellos' Attorney's Fees

The Aiellos further claim that the court of appeals erred by reducing their attorney's fee award for fees incurred at trial. The question is whether the Aiellos could recover attorney's fees for work performed after the

---

1. The court of appeals issued its opinion before our decision in *Parkway Co. v. Woodruff,* 901 S.W.2d 434, 442–44 (Tex.1995), which clarified the legal standards for the recovery of mental anguish damages and which, of course, supersedes the court of appeals's analysis of this issue.

2. Article 21.21, section 16 was amended in 1995 to expressly limit the availability of a claim based on section 17.46 of the DTPA to those "specifically enumerated" in section 17.46(b). Act of June

8, 1995, 74th Leg., R.S., ch. 414, § 13, eff. Sept. 1, 1995, 1995 Tex. Gen. Laws 3000. Therefore, to the extent that *Vail* stands for the proposition that a failure to exercise good faith in processing insurance claims is an actionable deceptive trade practice, it does not control cases brought under the current version of article 21.21 because such behavior is not specifically enumerated in section 17.46(b) of the DTPA.

agreed judgment was entered, but related to issues predating the agreed judgment.

 The court of appeals properly characterized the agreed judgment as an accord and satisfaction intended to settle all disputed matters between the Aiellos and Stewart Title. The parties are thus barred from asserting new claims for attorney's fees for services predating the accord and satisfaction. *See Dickson v. Stockman*, 411 S.W.2d 610, 613 (Tex.Civ.App.—Texarkana 1966, writ ref'd n.r.e.). Though Mr. Heggen, the Aiellos' attorney, was hired after the agreed judgment was entered, Mr. Heggen testified that approximately twenty-percent of his time and fifteen-percent of his paralegal's time concerned issues predating the agreed judgment. These issues included whether there were additional misrepresentations made by Stewart Title to the Aiellos, whether Stewart Title's behavior could be considered an actionable continuing course of conduct, and whether *res judicata* applied to any of the issues in the current lawsuit. Relying on *Dickson* and Mr. Heggen's testimony, the court of appeals reformed the judgment to reflect a deduction for the percentage amounts of attorney's and paralegal fees attributable to legal work predating the agreed judgment. 911 S.W.2d at 475.

*Dickson*, however, is not dispositive. Mr. Heggen did not perform any *services* prior to the entry of the agreed judgment. A party seeking attorney's fees must show that the fees were incurred on a claim that allows recovery of such fees, and thus is ordinarily required to segregate fees incurred on claims allowing recovery of fees from those that do not. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991). But when the claims are "dependent upon the same set of facts or circumstances and thus are 'intertwined to the point of being inseparable,' the party suing for attorney's fees may recover the entire amount covering all claims." *Sterling*, 822 S.W.2d at 11 (citing *Gill Sav. Ass'n v. Chair King, Inc.*, 783 S.W.2d 674, 680 (Tex.App.—Houston [14th Dist.] 1989), *modified*, 797 S.W.2d 31 (Tex.1990)). Likewise, when the issues are integrally related to the claims upon which recovery of attorney's fees is based, we believe full recovery of attor-

ney's fees should be allowed, even if some of the issues are also related to matters that predated the agreed judgment. The issues that Mr. Heggen and his paralegal worked on that predated the agreed judgment were integrally related to the claims the Aiellos pursued in the present suit. Accordingly, we reverse the court of appeals's reduction of the Aiellos' award of attorney's trial fees. Given our disposition of this issue, we need not address Stewart Title's complaint that the court of appeals erred when it failed to recalculate the postjudgment interest award to reflect the reduction of the attorney's fee award.

 The Aiellos also contend that the court of appeals should have disregarded the amount of appellate fees awarded by the jury and instead awarded the full amount requested by counsel. The award of appellate fees is a question of fact for the jury. *Trevino v. American Nat'l Ins. Co.*, 140 Tex. 500, 168 S.W.2d 656, 660 (1943). As such, we will not disturb the jury's decision to award the Aiellos less than they requested.

## V. Stewart Title's Counterclaim and Attorney's Fees

At trial, the jury found that the Aiellos failed to convey title to Stewart Title within a reasonable time after Stewart Title paid the purchase price. The jury awarded $10,000 to Stewart Title for the Aiellos' breach of the agreed judgment. The Aiellos argue that they did not breach the agreed judgment because they were not required to convey the deed to Stewart Title until after Stewart Title held a closing. The court of appeals concluded that the agreed judgment was ambiguous as to when the Aiellos were required to convey the deed to Stewart Title. 911 S.W.2d at 477. Because the Aiellos did not submit a jury question about the parties' intentions regarding when the Aiellos were required to deliver the deed, the court of appeals held that they waived their arguments that they had not breached the contract. *Id.*

 Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of

the circumstances present when the contract was entered. *See Coker v. Coker,* 650 S.W.2d 391, 393–94 (Tex.1983). We disagree with the court of appeals that the agreed judgment was ambiguous. A contract that can be given a definite or certain legal meaning is not ambiguous. *Id.* at 393; *see also Universal C.I.T. Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154, 157 (1951). The trial court correctly determined that the agreed judgment was unambiguous and that holding a closing and paying closing costs were separate covenants from Stewart Title's duty to pay the purchase price. Accordingly, we affirm the court of appeals's judgment upholding Stewart Title's breach of contract counterclaim, but on different grounds.

Relying on *Dobbins v. Redden,* 785 S.W.2d 377, 378 (Tex.1990) and *Gulf Pipe Line Co. v. Nearen,* 135 Tex. 50, 138 S.W.2d 1065, 1068 (1940), the Aiellos further argue that Stewart's breach of the contract precludes its recovery of attorney's fees. Both of these cases involved plaintiffs who sued for payment on a construction contract even though they had not substantially performed their obligations. Under the trial court's interpretation of the agreed judgment, to which the Aiellos did not object, payment of the purchase price was the only condition precedent to receiving the deed. Thus, under these cases, Stewart Title was not entitled to delivery of the deed if it had never paid the purchase price. But inasmuch as Stewart Title substantially performed the contract by paying the purchase price before trial, the court of appeals properly upheld Stewart Title's counterclaim and reinstated the jury's award of attorney's fees.

Finally, ample evidence that Stewart Title presented a claim for title to the property on several occasions supports the court of appeals's holding that presentment was tried by consent. *See Roark v. Stallworth Oil & Gas, Inc.,* 813 S.W.2d 492, 495 (Tex.1991). The Aiellos also argue that Stewart Title cannot recover its attorney's fees because it failed to properly segregate them. See *Sterling,* 822 S.W.2d at 10–11. We do not reach this issue. The Aiellos failed to preserve any error in this regard because they did not

raise it as a cross-point in the court of appeals. *See* TEX.R. CIV. P. 324(c).

## VI. Conclusion

For the foregoing reasons, we reverse the judgment of the court of appeals and remand the cause to the trial court for rendition of judgment in accordance with this opinion. *See* TEX.R.APP. P. 81.