# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 19, 2022

Lyle W. Cayce
Clerk

No. 22-50039
Summary Calendar

Bank of America, N.A.,

*Plaintiff—Appellant*,

*versus*

Susie M. Estrada,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-196

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Bank of America (BOA) sued Susie Estrada in federal district court for breach of contract and declaratory relief. The district court granted summary judgment to BOA on the latter claim but dismissed the breach-of-contract claim under Federal Rule of Civil Procedure 12(b)(6) for failure to

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

state a claim. On appeal, BOA argues that this dismissal was erroneous. Although Estrada has not filed a brief, the sole issue in this appeal has been briefed by BOA and is thus adequately presented for our review. *See Shell Offshore, Inc. v. Dir., Off. of Workers' Comp. Programs*, 122 F.3d 312, 317 (5th Cir. 1997). We agree with BOA that the district court erred in dismissing the breach-of-contract claim. We accordingly REVERSE the judgment below and REMAND for further proceedings.

I

We review a Rule 12(b)(6) dismissal de novo, "accept[ing] as true the well-pleaded factual allegations in the complaint." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). According to its federal complaint, BOA filed an interpleader action in Travis County District Court in June 2019. *See Bank of America, N.A., v. Amanda Lee Estrada and Susie M. Estrada*, No. D-1-GN-19-003174. The purpose of the action was to resolve Estrada's and non-party Amanda Lee Estrada's competing claims to funds held by BOA in an account owned by Amanda Lee Estrada. On November 26, 2019, the state court entered an "Agreed Order on Bank of America N.A.'s Original Petition in Interpleader" ("Agreed Order") directing BOA to deposit the disputed funds into the court's registry and discharging BOA with prejudice from all claims in the interpleader suit. All parties agreed to the Order—including Estrada, whose counsel of record signed it. Following entry of the Order, Estrada deposited the funds into the state court's registry. Estrada then litigated her claims against Amanda Lee Estrada in the interpleader action to a final judgment on the merits, with the state court entering summary judgment for Estrada on December 4, 2019.

On February 3, 2020, Estrada's counsel sent a letter to BOA formally demanding another roughly $176,000, plus interest, on the theory that BOA had wrongly allowed Amanda Lee Estrada to transfer monies out of Estrada's

No. 22-50039

account using an invalid power of attorney. The letter threatened immediate legal action if BOA did not comply. In response, BOA filed the present litigation in federal district court. Invoking the court's diversity jurisdiction, BOA asserted claims under Texas law for (1) a declaratory judgment that the Agreed Order barred Estrada's demand for payment, and (2) breach of contract. For the latter, BOA sought damages (mainly legal expenses) flowing from Estrada's breach of the Order. Estrada moved to dismiss on various jurisdictional grounds and for forum non conveniens, as well as for failure to join a necessary party and failure to state a claim.

The magistrate judge rejected Estrada's arguments for dismissal based on jurisdiction, forum non conveniens, and failure to join a necessary party. He agreed with Estrada, however, that BOA failed to state a breach-of-contract claim, reasoning simply that the Agreed Order "is not a contract, but rather is a judicial order, and it therefore cannot be the basis for a breach of contract claim" under Texas law. No. 1:20-CV-196, 2021 WL 769666, at *3 (W.D. Tex. Feb. 26, 2021). The district judge subsequently adopted the magistrate's report and recommendation to dismiss the breach-of-contract claim, *see* 2021 WL 6551278 (Mar. 23, 2021), but entered summary judgment for BOA on its claim for declaratory relief, *see* 2021 WL 6551281 (Dec. 15, 2021). BOA now appeals the dismissal of its breach-of-contract claim.

II

The district court's holding that the Agreed Order, because it "is a judicial order," "is not a contract" and "cannot be the basis for a breach of contract claim" under Texas law was incorrect. Texas courts have repeatedly made clear that "[a]n agreed judgment should be construed in the same manner as a contract." *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 422 (Tex. 2000). The district court inferred from such statements that agreed orders were to be *interpreted* like contracts but were not *themselves* contracts.

No. 22-50039

Numerous Texas decisions have explained, however, that agreed orders and judgments are indeed contracts.[1] Nor does Texas law support the district court's holding that violation of an agreed order or judgment cannot serve as the basis for a breach-of-contract suit. On the contrary, "a suit on an agreed judgment sounds in contract." *Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 71 (Tex. 1997); *accord George Joseph Assets, LLC v. Chenevert*, 557 S.W.3d 755, 773 n.10 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (Busby, J.) ("[T]he recovery of fees is proper because a suit for breach of a provision in an agreed judgment is a suit for breach of contract"). Finally, the district court suggested that any treatment of agreed orders or judgments as contracts was confined to the family-law context. This view also has no basis in Texas jurisprudence, which routinely treats such orders and judgments as contractual in other contexts as well.[2]

For these reasons, we reverse. Our decision, of course, does not relieve BOA from proving all elements of a breach-of-contract claim under Texas law: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and

---

[1] *See, e.g.*, *Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex. 1956); *In re P.D.D.*, 256 S.W.3d 834, 844–45 (Tex. App.—Texarkana 2008, no pet.); *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 854 (Tex. App.—San Antonio 1997, pet. denied); *Liquid Energy Corp. v. Trans-Pan Gathering, Inc.*, 758 S.W.2d 627, 640 (Tex. App.—Amarillo), *vacated on other grounds*, 762 S.W.2d 759 (Tex. App.—Amarillo 1988, no writ); *Parker v. Parker*, 897 S.W.2d 918, 925–26 (Tex. App.—Fort Worth 1995, writ denied), *abrogated on other grounds by Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41 (Tex. 1998); *George Joseph Assets, LLC v. Chenevert*, 557 S.W.3d 755, 773 n.10 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (Busby, J.); *see also* 47 Tex. Jur. 3d *Judgments* § 13 (April 2022 update).

[2] *See, e.g.*, *Aiello*, 941 S.W.2d at 71; *Wagner*, 295 S.W.2d at 893; *Avila*, 948 S.W.2d at 854; *Chenevert*, 557 S.W.3d at 773; *Liquid Energy Corp.*, 758 S.W.2d at 640; *In re Ford Motor Co.*, 211 S.W.3d 295, 298–99 (Tex. 2006) (per curiam); *Patel v. City of Everman*, 179 S.W.3d 1, 8 (Tex. App.—Tyler 2004, pet. denied); *Anzilotti v. Gene D. Liggin, Inc.*, 899 S.W.2d 264, 267 (Tex. App.—Houston [14th Dist.] 1995, no writ).

No. 22-50039

(4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (quoting *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 99 (Tex. App.—Eastland 2010, pet. denied)). We merely hold that the district court's basis for dismissing BOA's breach-of-contract claim—that the Agreed Order, because it "is a judicial order,"[3] "is not a contract" and "cannot be the basis for a breach of contract claim"—was erroneous. That claim may still ultimately fail for other reasons.

---

[3] Though the district court did not rely on the distinction, it warrants mention that we see no material difference for present purposes between an agreed "judgment" and an agreed "order." *See* 56 Am. Jur. 2d *Motions, Rules, and Orders* § 44 (May 2022 update) ("An agreed order . . . is essentially a contract . . . ."). Texas courts have routinely applied the same contractarian principles that govern agreed "judgments" to agreed "orders." *See In re Ford Motor Co.*, 211 S.W.3d at 298, 299 (referring to an agreed protective order as a "contract"); *Patel*, 179 S.W.3d at 8; *Parker*, 897 S.W.2d at 925–26; *Anzilotti*, 899 S.W.2d at 267; *In re C.A.T.*, 316 S.W.3d 202, 210 (Tex. App.—Dallas 2010, no pet.); *Cantu v. Guerra & Moore, Ltd. LLP*, 328 S.W.3d 1, 8 n.4 (Tex. App.—San Antonio 2009, no pet.); *Liquid Energy Corp.*, 758 S.W.2d at 640; *In re A.B.*, 994 S.W.2d 229, 231 (Tex. App.—Eastland 1999, pet. denied); *see also In re Office of Attorney Gen. of Tex.*, 193 S.W.3d 690, 692 (Tex. App.—Beaumont 2006, no pet.) ("[A]greed orders are 'accorded the same degree of finality and binding force as a final judgment . . . .'" (quoting *McCray v. McCray*, 584 S.W.2d 279, 281 (Tex. 1979))); *In re J.M., IV*, 373 S.W.3d 725, 729 (Tex. App.—San Antonio 2012, no pet.) (same). True, some cases have held that agreed *interlocutory* orders lack the contractual character of *final* agreed judgments, citing a "trial court's inherent power to amend its own injunctive orders during the pendency of the case," *GXG, Inc. v. Texacal Oil & Gas, Inc.*, 882 S.W.2d 850, 852 (Tex. App.—Corpus Christi–Edinburg 1994, no writ); but others have held that contractarian "principles . . . apply to all consent judgments whether interlocutory or final," *Gregory v. White*, 604 S.W.2d 402, 404 (Tex. Civ. App.—San Antonio 1980, writ ref'd n.r.e.); *accord Spiller v. Spiller*, 535 S.W.2d 683, 686 (Tex. Civ. App.—Tyler 1976, writ dism'd). (Note that the "writ ref'd n.r.e." notation is a statement on the merits and lends some extra precedential weight to a court of appeals' opinion. *See Helms v. Sw. Bell Tel. Co.*, 794 F.2d 188, 194 n.14 (5th Cir. 1986).) But even if we followed the former line of cases, they have no application here because the state-court litigation in which the Agreed Order was entered is no longer pending and has reached a final judgment, as was the un-appealed holding of the district court below. *See* 2021 WL 6551281, at *1; *see also Ex parte Kruse*, 911 S.W.2d 839, 841 (Tex. App.—Amarillo 1995, no writ) ("No appeal was taken from the agreed order, and it became a final judgment . . .

No. 22-50039

We decline, however, to consider any such other reasons at this time. While we *may* affirm on any ground supported by the record, "even if it is different from that relied on by the district court," *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001), we are not obligated to sift through the record for potential reasons to affirm that were not addressed by the district court—since, as a general rule, "we are a court of review, not of first view," *Rutila v. Dep't of Transp.*, 12 F.4th 509, 511 n.3 (5th Cir. 2021) (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 719 n.7 (2005)). We are especially unlikely to do so where, as here, an appellee has not briefed any such reasons. *See Hernandez v. Garcia Pena*, 820 F.3d 782, 786 n.3 (5th Cir. 2016).

## III

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings not inconsistent with this opinion.

---

entitled to its usual res judicata effect."); *In re D.S.*, 76 S.W.3d 512, 518 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (same).