**Opinion issued December 9, 2025.**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00376-CV

_____

## RAMON CUBAS AND RC UPHOLSTERY & AUTO SALES, LLC,
### Appellants

## V.

## JESUS CHINCHILLA, Appellee

---

### On Appeal from the 80th District Court
### Harris County, Texas
### Trial Court Case No. 2020-70393

---

## MEMORANDUM OPINION

This is an appeal from a bench trial of a suit for breach of contract and

quantum meruit. In two issues, appellant Ramon Cubas[1] challenges the sufficiency

---

[1]  For reasons discussed below, we dismiss any appeal by RC Upholstery & Auto Sales, LLC.

of the evidence as to mental anguish damages and the form of the judgment. We reverse in part and affirm in part the trial court's judgment.

## Background

The trial court conducted a bench trial in which the defendants (appellant Ramon Cubas, his business partner, and his company) failed to appear.

Appellee Jesus Chinchilla met Ramon and his wife, Judith Cubas, in Honduras in 1998. Ramon and Judith are the co-owners of RC Auto Upholstery & Auto Sales, LLC (RC Auto), with Ramon serving as the president and managing member and Judith serving as chief financial officer and managing member.

Appellee wanted to invest in RC Auto and obtain an investor's visa to bring his family to the United States. In January of 2019, appellee and appellants entered into an agreement for appellee to purchase a 30% ownership interest in RC Auto. Per the agreement, appellee was to purchase the ownership interest for $144,000. In exchange, appellee would become a managing member and the chief executive officer of RC Auto and receive a monthly payment of $3,000 for the life of his ownership interest. Appellee paid the purchase price in full and was added as a managing member.

Appellants did not allow appellee to manage the financial aspects of RC Auto and denied appellee access to financial documents and bank statements of RC Auto. Appellee was not allowed to hire or fire employees. Appellee made several

demands to appellants for financial records, including monthly detail of sales, cash-flow statements, company debts, balances due to creditors, profit expectations, and proof of taxes paid for the prior two years.

In response to appellee's demands, appellants offered to buy back appellee's 30% interest in RC Auto for $143,500. The parties formed another contract for the purchase of appellee's interest. Appellants failed to pay in accordance with the payment agreement, and appellee hired counsel to make a formal demand for the balance of $131,200. When the demand was unsuccessful, appellee filed this lawsuit.

Through discovery, appellee learned that appellants had been commingling their personal and business finances and using the company's assets to pay for their own personal expenses. Examples presented at trial included residential utility bills, nail salon services, clothing, makeup, Netflix, and college tuition.

Appellee testified he suffered from "lack of sleep, anxiety, depression, and other health issues" resulting from the appellants' acts and omissions related to the RC Auto investment agreement.

At the time of trial, appellee had accrued $61,016.88 in attorney's fees and costs. Appellee's trial counsel testified that she has been a licensed attorney since 1991 and charged appellee a discounted rate of $350 per hour. Appellee's trial counsel employs a paralegal whose hourly rate is $125 per hour. Appellee's trial

counsel presented multiple invoices as exhibits documenting her time spent on the case from June of 2020 to June of 2023. The invoices do not include trial counsel's time from the day before trial to the time of judgment.

### Ramon Cubas is the only appellant who filed a notice of appeal.

Appellee argues that we should dismiss the appeal as to RC Auto and Judith because only Ramon filed a notice of appeal. We agree as to RC Auto.[2]

Generally, if a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of that party's appeal. *See* TEX. R. APP. P. 25.1(b); *In re K.L.L.*, 506 S.W.3d 558, 560 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (without timely notice of appeal, appellate court lacks jurisdiction over appeal); *Brashear v. Victoria Gardens of McKinney, LLC*, 302 S.W.3d 542, 545-46 (Tex. App.—Dallas 2009, no pet.) (timely filing of notice of appeal is jurisdictional prerequisite).

In the instant case, only Ramon filed a notice of appeal. And only Ramon designated the record for appeal. Therefore, we have no appellate jurisdiction over Ramon's co-defendants, RC Auto and Judith. As appellee notes, we recently held that "a notice of appeal filed by a corporate officer or representative who is not a licensed attorney is ineffective to perfect an appeal for the corporation." *Maison KW Inc. v. Sallyport Comm. Fin., LLC*, No. 01-24-00082-CV, 2024 WL 4536143

---

[2] Judith Cubas is not named in the style of the case or mentioned in appellant's brief as a party to this appeal.

at \*4 (Tex. App.—Houston [1st Dist.] Oct. 22, 2024, no pet.) (mem. op.). We therefore dismiss RC Auto's appeal for lack of jurisdiction.

## Sufficiency of the evidence – mental anguish

In his first issue, appellant challenges the sufficiency of the evidence supporting the finding of mental anguish and the award of mental anguish damages in the final judgment.

### A. Standard of Review and Applicable Law

Evidence is legally insufficient to support a finding when (1) the record discloses a complete absence of evidence to prove a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 613 (Tex. 2016). A legal sufficiency challenge fails if more than a scintilla of evidence supports the challenged finding. *Tex. Outfitters Ltd. v. Nicholson*, 572 S.W.3d 647, 653 (Tex. 2019). More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Albert v. Fort Worth & W. R.R. Co.*, 690 S.W.3d 92, 97 (Tex. 2024) (per curiam). We view the evidence in the light most favorable to the verdict. *Id.* We must credit evidence favorable to the finding if a reasonable jury could and disregard contrary

5

evidence unless a reasonable jury could not. *Crosstex N. Tex. Pipeline*, 505 S.W.3d at 613.

Mental anguish awards require evidence of both the existence of compensable mental anguish and the amount of damages awarded. *Bentley v. Bunton*, 94 S.W.3d 561, 606 (Tex. 2002).

Mental anguish is a "relatively high degree of mental pain and distress" that is "more than mere disappointment, anger, resentment or embarrassment, although it may include all of these." *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995). Mental anguish includes the mental sensation of pain resulting from such emotions as grief, severe disappointment, indignation, wounded pride, shame, despair, and public humiliation, and recovery is warranted when the plaintiff's mental pain has risen to such a level that it has rendered him incapable of dealing with certain everyday activities like eating, sleeping, working, and socially interacting. *Katy Springs & Mfg., Inc. v. Favalora*, 476 S.W.3d 579, 595 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). There are no magic words to establish mental anguish. *Id.*

A finding of the existence of mental anguish damages can "survive a legal sufficiency challenge when the plaintiff introduces direct evidence of the nature, duration, and severity of his mental anguish, thus establishing a substantial disruption in the plaintiff's routine." *Id.*; *see also Serv. Corp. Int'l v. Guerra*, 348

S.W.3d 221, 231 (Tex. 2011) (stating that when occurrence is of type for which mental anguish damages are recoverable, "evidence of the nature, duration, and severity of the mental anguish is required"). When a claimant fails to present direct evidence of the nature, duration, or severity of mental anguish, courts apply a traditional no-evidence standard of review to determine whether the record reveals any evidence of "a high degree of mental pain and distress" that is more than mere worry, anxiety, vexation, embarrassment, or anger, to support any award of damages. *Parkway Co.*, 901 S.W.2d at 444.

## B.    Analysis

The testimony concerning mental anguish damages in this case consists of less than half of a page of the transcript:

> [Appellee's counsel]:    Mr. Chinchilla, can you tell the Court how this matter has affected you, personally?
>
> [Appellee]:  I invested the money in good faith. I wanted to proceed with an investor's visa so I can bring my family legally here with me. I have suffered severe mental anguish, lack of sleep, anxiety, depression, and other health issues related to the - -
>
> [Appellee's counsel]:    Are you asking the Court to award you damages for mental anguish?
>
> [Appellee]:  Yes.

While this testimony provides some evidence of the nature, it does not provide evidence of the "duration[] and severity of the mental anguish" that is necessary to

7

recover such damages. *Serv. Corp. Int'l*, 348 S.W.3d at 231. Nor does it demonstrate a substantial disruption in appellee's routine. *Favalora*, 476 S.W.3d at 595. As such, we apply a traditional no-evidence standard of review. *Parkway Co.*, 901 S.W.2d at 444. Finding no other evidence in the record that would demonstrate "a high degree of mental pain and distress" that is more than mere worry, anxiety, vexation, embarrassment, or anger, we find the evidence insufficient to support an award of mental anguish damages. *Id.* at 445 (noting that some types of disturbing or shocking injuries have been found sufficient to support an inference that injury was accompanied by mental anguish; such qualifying events have included threat to one's physical safety or reputation or involved the death of, or serious injury to, a family member).[3]

## Clarity of final judgment

Appellant argues that the "final judgment lacks support for, and is unclear as to, the total amount of the judgment award" and "the case should be remanded" as a result. Appellant's argument on this issue consists of one paragraph, generally alleging that, because there is evidence to support some amount of damages but not

---

[3] Neither party addresses the fact that appellee only pleaded breach of contract and quantum meruit claims, for which mental anguish damages are not available as a remedy. *Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68, 72 (Tex. 1997). Because it does not touch upon this Court's jurisdiction, we do not decide that issue sua sponte. *Walker Sand, Inc. v. Baytown Asphault Materials, Ltd.*, 95 S.W.3d 511, 514 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Instead, we dispose of the mental anguish damages using the sufficiency analysis raised by appellant.

all, the case should be remanded for further proceedings or a new trial. Appellant includes citations to case law, but does not explain how the cited authority relates to appellant's argument or other substantive analysis as to how the cases relate to appellant's complaints. *See Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) (appellate briefing rules "require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, [and] to cite legal authority that is applicable to their complaints . . . . The brief fails if we must speculate or guess about the appellant's contentions."); *see also Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.) ("We have no duty to brief appellant's issue for [him]. Failure to cite applicable authority or provide substantive analysis waives an issue on appeal.").

Because it would be inappropriate for this Court to speculate about appellant's substantive legal arguments, we find waiver of appellant's second issue due to inadequate briefing. *See Canton-Carter v. Baylor Coll. Of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that "[i]t would be inappropriate for [appellate] court to speculate as to what appellant may have intended to raise as an error by the trial court on appeal" because doing so forces appellate court to "stray from [its] role as a neutral adjudicator and become an advocate for appellant"). Consequently, nothing is assigned for our review as to

9

the trial court's rulings. *See Guimaraes v. Brann*, 562 S.W.3d 521, 545 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (finding waiver where brief provides no argument, authority, or references to the record in support of position). In the absence of clear arguments or citations to the record, appellant has waived his second issue on appeal. *See* TEX. R. APP. P. 38.1(i).

## Conclusion

We dismiss the appeal of RC Auto Upholstery & Auto Sales, LLC.

We reverse in part the trial court's judgment only as it pertains to mental anguish damages and render an award of $0 in damages payable by appellant Ramon Cubas for mental anguish. We affirm the remainder of the judgment.

Amparo "Amy" Guerra
Justice

Panel consists of Justices Guerra, Caughey, and Dokupil.