MID–CENTURY INSURANCE
COMPANY OF TEXAS,
Petitioner,

v.

Randy BOYTE and Margaret
Boyte, Respondent.

No. 01–0523.

Supreme Court of Texas.

May 23, 2002.

Rehearing Denied Aug. 22, 2002.

Diana L. Faust, R. Brent Cooper, Mi-
chelle E. Robberson, Cooper & Scully,
Dallas, Harry M. Reasoner, Marie R.

Yeates, Penelope E. Nicholson, Spikes Kangerga, Vinson & Elkins, Houston, for Petitioner.

Jay K. Gray, Bedford, Mark Sudderth, Charles M. Noteboom, Noteboom and Parker LLP, Hurst, for Respondent.

PER CURIAM.

The question in this case is whether an insurer's common-law and statutory duties of good faith and fair dealing extend beyond entry of judgment in favor of its insured. The court of appeals held that the insurer's duty of good faith and fair dealing extended beyond the trial court's rendition of a money judgment against the insurer. 49 S.W.3d 408, 413. Because this result is inconsistent with our decision in *Stewart Title Guar. Co. v. Aiello*, 941 S.W.2d 68 (Tex.1997), we reverse the court of appeals' judgment and render judgment that Randy Boyte, the insured in this case, take nothing.

Boyte sustained injuries to his back in an auto accident with Kathleen Godfrey in 1992. Boyte settled with Godfrey's insurer for the $100,000 limit of her policy, and then he filed an underinsured motorist ("UIM") claim with his insurance carrier, Mid–Century Insurance Company of Texas ("Mid–Century"). Mid–Century valued Boyte's claim at $120,000, and tendered the $20,000 difference between that figure and Godfrey's $100,000 settlement. Boyte alleged that his damages exceeded his UIM policy's $200,000 limit, and so his claim against Mid–Century proceeded to trial. In October 1995, a jury found that Boyte was entitled to the remaining $80,000 in policy benefits, and the trial court rendered judgment accordingly. Mid–Century appealed.

After judgment was rendered in the UIM trial, Boyte informed Mid–Century that he was in urgent need of back surgery but could not afford to pay for it. Mid–Century offered to pay for the surgery and post-surgery therapy—for a total of $23,400—but refused to pay the full $80,000 judgment while its appeal was pending. Although Mid–Century left its offer open, Boyte never scheduled the surgery. The court of appeals affirmed the UIM judgment, *Mid–Century Ins. Co. v. Boyte*, No. 02–96–00081–CV (Fort Worth Sept. 11, 1997, pet. denied) (not designated for publication), and this Court denied review in March 1998. Mid–Century then paid the judgment. But Boyte then filed a new suit against Mid–Century for, among other things, common-law bad faith and violations of article 21.21 of the Insurance Code. Boyte asserted that Mid–Century knowingly failed to attempt a fair settlement when its liability became reasonably clear after the jury verdict and judgment in 1995, and that the two-plus year delay in payment had injured him. *See Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex.1997); *id.* at 69 (Hecht, J., concurring); TEX. INS.CODE art. 21.21, §§ 4(10)(a)(ii), 16.

In this bad faith action, the trial court granted Mid–Century a directed verdict on all claims for breaches of the duty of good faith and fair dealing occurring before or during the UIM trial, and the parties stipulated that Boyte was seeking damages only for Mid–Century's post-judgment conduct. The jury found common-law and statutory bad faith and awarded Boyte $67,000 for past and future physical pain and mental anguish, $300,000 in additional damages because Mid–Century had acted knowingly, and $100,000 in attorney's fees. The trial court modified the additional damages and attorney's fees awards slightly and rendered judgment against Mid–Century for $458,748.04.

■ The court of appeals affirmed the trial court's judgment, holding that Mid–

Century's "duty of good faith and fair dealing extended beyond [the UIM] judgment in this case." 49 S.W.3d at 413. We disagree. In *Aiello*, this Court held that an agreed judgment requiring only payment of a sum of money extinguished the insurer's duty of good faith because "the only legal relationship between the parties following entry of judgment was that of judgment creditor and judgment debtor." *Aiello*, 941 S.W.2d at 69. Like the agreed judgment in *Aiello*, Mid–Century's UIM judgment called only for payment of a sum of money to Boyte. The court of appeals nevertheless distinguished *Aiello* because the agreed judgment in that case was subject to immediate execution, while the judgment here had been superseded pending Mid–Century's appeal. We find this distinction inapposite.

 An insurer's duty of good faith "arises because of the disparity of bargaining power inherent in the insurer-insured relationship." *Id.* at 71. But these concerns "simply do not arise in the judgment creditor—judgment debtor context." *Id.* The decision in *Aiello* thus turned on the parties' relationship to each other—once they stood as judgment debtor to judgment creditor, the insurer's good faith duty was extinguished, and the insured's bad faith cause of action was replaced by traditional judgment enforcement mechanisms. *See id.* at 71–72. Contrary to Boyte's argument here, parties become judgment debtor and judgment creditor at the entry of the trial court's judgment, not when all appeals are finalized. This is confirmed by Appellate Procedure Rule 24.1, which allowed Mid–Century, as a "judgment debtor," to supersede the judgment pending its appeal. Tex.R.App. P. 24.1(a). Thus Mid–Century "was transformed upon entry of the . . . judgment, from insurer to judgment debtor," and Boyte's "former status as an insured be-

came that of a judgment creditor." *Aiello*, 941 S.W.2d at 71–72.

We reject Boyte's argument that Mid–Century's ability to supersede the judgment creates a disparity in power that requires continued application of the good faith duty. *See, e.g., Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 212 (Tex. 1988). We noted in *Aiello* that, as judgment creditors, the Aiellos were not left vulnerable, but had access to a number of enforcement remedies, including execution. *See Aiello*, 941 S.W.2d at 71. The temporary suspension of those remedies under Appellate Procedure Rule 24.1 does not materially alter the relative power of the parties, and does not flow from a disparity of power between them. *See, e.g., Aranda*, 748 S.W.2d at 212. The balance struck by the procedural rules is designed to facilitate appeals, and all judgment creditors stand in the same position relative to their judgment debtors upon appeal. Further, if superseding a judgment does threaten to harm the judgment creditor, Appellate Procedure Rule 24.1 itself provides the means for protection: "The trial court may make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause." Tex.R.App. P. 24.1(e).

 We also reject Boyte's argument that the bad faith standard dictated by article 21.21, section 4(10)(a)(ii) of the Insurance Code requires a different outcome. In *Aiello* we held that because the judgment creditors had no common-law bad faith cause of action after the entry of judgment, "their claim for treble damages predicated on bad faith pursuant to article 21.21 of the Insurance Code and section 17.46 of the DTPA [Deceptive Trade Practices Act] must likewise fail." *Aiello*, 941 S.W.2d at 72. Although we were explicitly referring to an alleged bad faith DTPA violation brought under section 16 of arti-

cle 21.21, the result is the same for an alleged bad faith violation of article 21.21 itself.

Section 4(10)(a)(ii) of article 21.21 prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." TEX. INS.CODE art. 21.21, § 4(10)(a)(ii). We have held that this statutory standard is identical to the common-law bad faith standard, *see Giles,* 950 S.W.2d at 55; *id.* at 69 (Hecht, J., concurring); thus a mere change in pleadings should not lead to a different result here. Further, precluding bad faith claims under article 21.21, section 4(10)(a)(ii) of the Insurance Code follows from our holding that, post-judgment, the parties no longer stand as insurer to insured. *See Aiello,* 941 S.W.2d at 69. Section 4(10)(a) prohibits certain practices by an insurer "with respect to a claim by an insured." TEX. INS.CODE art. 21.21, § 4(10)(a). When the only legal relationship between the parties after judgment is debtor and creditor—at least as to those claims that have been reduced to judgment—that section of the Insurance Code is no longer applicable.

 *Aiello* makes clear that an insurer's good faith duties end when "the only legal relationship between the parties following entry of judgment [is] that of judgment creditor and judgment debtor." *Aiello,* 941 S.W.2d at 69. When the trial court rendered the money judgment against Mid–Century in Boyte's UIM trial, Mid–Century was transformed—as to that claim—from Boyte's insurer to his judgment debtor for the sum of $80,000. *See id.* at 71–72. Boyte therefore had no bad faith cause of action against Mid–Century for its post-judgment conduct in this case. Accordingly, we grant Mid–Century's petition for review, and without hearing oral argument, *see* TEX.R.APP. P. 59.1, reverse the judgment of the court of appeals and render judgment that Boyte take nothing.