IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF 
TEXAS
 
════════════
No. 
04-0055
════════════
 
Progressive County Mutual 
Insurance Company, Petitioner,
 
v.
 
Barry 
Boyd, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from 
the
Court of Appeals for the 
First District of Texas
════════════════════════════════════════════════════
 
 
PER CURIAM
 
 
Justice Willett did not participate in 
the decision.
 
In 
this case, Progressive County Mutual Insurance Company denied reimbursement for 
damages sustained by Barry Boyd=s 
automobile, and Boyd sued for breach of contract, bad faith, and related 
extra-contractual claims. The trial court severed the bad-faith and 
extra-contractual claims from the breach of contract claim and granted 
Progressive=s 
motion for summary judgment on the severed claims. The breach of contract suit 
then went to trial, and the jury found in favor of Progressive. The court of 
appeals affirmed the judgment in favor of Progressive in the breach of contract 
suit, but reversed the trial court=s 
summary judgment as to the bad-faith and extra-contractual claims. Progressive 
filed a petition for review from the court of appeals= 
judgment in the severed suit. We conclude that even if the trial court erred by 
granting summary judgment as to the bad-faith and extra-contractual claims, the 
error was harmless because the jury finding in the breach of contract case 
negated coverage of the occurrence by Progressive=s 
insurance policy. We reverse the court of appeals= 
judgment and render judgment that Boyd take nothing.
On 
March 20, 1997, Boyd was involved in a pre-dawn auto accident on a Houston 
freeway. His car hit the freeway guardrail and was irreparably damaged. Boyd was 
insured by Progressive. His policy included uninsured/underinsured‑motorists 
(UIM) coverage, which covered damage to the car resulting from being struck by 
an “uninsured motor vehicle,” which was defined to include “a hit and run 
vehicle whose operator or owner cannot be identified.” Boyd sought recovery for 
the damage to his car under this provision. He asserted that his car was 
rear‑ended by a hit‑and‑run vehicle and was pushed into the guardrail. After an 
investigation, Progressive denied Boyd=s 
claim.
Boyd 
sued Progressive on several grounds. First, he alleged that Progressive breached 
the insurance contract by denying coverage. Second, he alleged that Progressive 
denied his claim in bad faith and such denial violated both the common-law duty 
of good faith and fair dealing and statutory duties imposed by article 21.21 of 
the Insurance Code and sections 17.46 and 17.50 of the DTPA. See Tex. Ins. Code art. 21.21, § 3; Tex. Bus. & Com. Code 
§§ 17.46(b); 17.50(a)(4). Third, he alleged that Progressive=s 
failure to timely pay his insurance claim violated article 21.55 of the 
Insurance Code. See Tex. Ins. 
Code art. 21.55. Finally, Boyd alleged that Progressive=s 
refusal to pay the inoperable car=s 
storage fees at a private storage lot caused his car to be converted.
Boyd’s 
pleadings make it clear that all his claims, including his conversion claim, are 
predicated on his insurance policy and the accident being covered under the 
insurance policy. For example, in regard to the conversion claim, his petition 
alleged that Progressive had a contractual duty “to move Boyd’s vehicle to a 
storage lot which would incur no storage fees,” and that Progressive’s failure 
to do so “cause[d] a lien to be placed on . . . Boyd=s 
vehicle in an amount greater than the value of the vehicle,” thus causing 
“Boyd’s vehicle to be converted.”
The 
trial court severed the extra-contractual claims from the breach of contract 
claim. Progressive then moved for summary judgment on all the extra-contractual 
claims. Boyd responded to Progressive=s 
summary judgment motion as well as leveling special exceptions and objections to 
the motion. On June 13, 2000, the trial court granted summary judgment as to all 
claims in the severed suit.
The 
breach of contract claim was tried to a jury in September, 2000. The jury found 
that Boyd had not been involved in an accident with an uninsured vehicle. The 
trial court entered a take-nothing judgment in that suit.
Boyd 
appealed from both judgments. The court of appeals considered the two appeals 
together, although the appeals were not consolidated for administrative reasons. 
The court affirmed the breach of contract judgment but held that the trial court 
erred in granting summary judgment on the extra-contractual claims. ___ S.W.3d 
___. In reversing the summary judgment as to the extra-contractual claims, the 
court of appeals noted that (1) summary judgment cannot be affirmed on grounds 
not raised in the trial court, (2) the jury=s 
finding was not before the trial court at the time it granted summary judgment, 
and (3) the conversion, DTPA, article 21.21, and article 21.55 sections 3(a) and 
3(c) claims were improperly addressed by Progressive=s 
motion for summary judgment, as Progressive erroneously asserted that these 
claims were recharacterizations of the bad-faith claim when in fact they 
required different elements of proof. ___ S.W.3d ___; see also Stiles v. 
Resolution Trust Corp., 867 S.W.2d 24, 26 (Tex. 1993). The court of appeals 
also held that there was a fact issue on Boyd’s common-law bad-faith claim. ___ 
S.W.3d ___. The court concluded that even if it could consider the jury=s 
finding of a lack of coverage, this lack of coverage would not entitle 
Progressive to summary judgment on the common-law bad-faith claim, as a finding 
of “‘no breach of contract’” would not “necessarily mandate a conclusion of ‘no 
bad faith.’” Id. Because we conclude that the jury=s 
findings may be considered on appeal and that there is no remaining issue of 
material fact, we reverse the court of appeals’ judgment.
The 
court of appeals properly noted that summary judgment cannot be affirmed on 
grounds not raised in the trial court and that the jury=s 
finding was not before the trial court at the time of its summary judgment. ___ 
S.W.3d ___; see also Stiles, 867 S.W.2d at 26. However, we have 
previously held that a trial court=s 
erroneous decision to grant summary judgment can be rendered harmless by 
subsequent events in the trial court. See Martin v. Martin, Martin & 
Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998). In Martin, we noted 
that the trial court erred in granting defendants’ motion for summary 
judgment without notice to the plaintiff. We held that the error was harmless 
because the court subsequently considered the plaintiff’s response and 
reconfirmed its ruling. We concluded that a trial court is not required to 
vacate a summary judgment and then reinstate it to accomplish the same end. 
Id.
In 
this case, the breach of contract claim was fully litigated after the summary 
judgment was granted. The subsequent trial, jury finding, and take-nothing 
judgment which was affirmed on appeal as to Boyd’s coverage claim negate 
Boyd=s 
extra-contractual claims. Boyd does not argue otherwise. We conclude that the 
subsequent events, being properly before the court of appeals and this Court, 
should be considered in determining harm from the trial court’s grant of summary 
judgment. See Tex. R. App. 
P. 44.1; Tex. R. App. P. 
61.1. We also conclude that these events demonstrate that there is no remaining 
issue of material fact.
First, 
Boyd’s conversion claim is negated by the jury=s 
finding that Boyd lacked coverage. Boyd did not allege that Progressive took any 
action in regard to having his vehicle placed in or being kept in the storage 
facility. He alleged only that his accident was covered by the Progressive 
policy and because Progressive did not pay the storage fees pursuant to its 
contractual obligation, his vehicle was converted. The subsequent jury finding 
and judgment in the breach of contract suit negate recovery on his conversion 
allegations.
Boyd 
asserted that Progressive=s 
motion for summary judgment was conclusory and did not address the elements of 
his conversion claim. Progressive’s motion for summary judgment may have been 
subject to special exception and objection because of generality or for other 
reasons. Indeed, Boyd attacked the motion for summary judgment by such vehicles. 
Nevertheless, Progressive’s motion sought judgment on all extra-contractual 
causes of action, including the conversion claim. Even if Progressive’s summary 
judgment motion as to Boyd’s conversion claim was deficient and subject to 
special exception or objection, the claim was addressed by the motion. If the 
trial court erred in granting the motion for summary judgment as to the 
conversion claim, the error was harmless. See Tex. R. App. P. 44.1; Tex. R. App. P. 61.1.
Boyd’s 
claim that Progressive violated sections 3(a) and 3(c) of Insurance Code article 
21.55 is also negated by the lack of coverage. Article 21.55 establishes 
requirements for the prompt payment of claims. Tex. Ins. Code art. 21.55. There can be 
no liability under article 21.55 if the insurance claim is not covered by the 
policy. See id. (providing that damages are to be awarded when the 
insurer is liable “pursuant to a policy of insurance”); see also Mid‑Century 
Ins. Co. of Tex. v. Barclay, 880 S.W.2d 807, 811 (Tex. App.CAustin 
1994, writ denied). As with its motion for summary judgment on Boyd’s conversion 
claim, Progressive’s motion for summary judgment as to the extra-contractual 
claims for violations of sections 3(a) and 3(c) may have been subject to special 
exception or objection because of generality or for other reasons. But, the 
claims were addressed by the motion. If the trial court erred in granting the 
motion for summary judgment as to the sections 3(a) and 3(c) claims, the error 
was harmless. See Tex. R. App. 
P. 44.1; Tex. R. App. P. 
61.1.
Boyd’s 
common-law bad-faith claims are also negated by the determination in the breach 
of contract claim that there was no coverage. Am. Motorists Ins. Co. v. 
Fodge, 63 S.W.3d 801, 804 (Tex. 2001). We have left open the possibility 
that an insurer=s 
denial of a claim it was not obliged to pay might nevertheless be in bad faith 
if its conduct was extreme and produced damages unrelated to and independent of 
the policy claim. Id.; see also Republic Ins. Co. v. Stoker, 903 
S.W.2d 338, 341 (Tex. 1995). Boyd has made no such allegations. He alleges only 
that Progressive improperly denied his claim and failed to fairly investigate 
the facts of the accident. He does not allege that he suffered any damages 
unrelated to and independent of the policy claim. If the trial court erred in 
granting summary judgment on the common-law bad-faith claims, the error was 
harmless. See Tex. R. App. 
P. 44.1; Tex. R. App. P. 
61.1.
Because 
the common-law bad-faith standard is the same as the statutory standard, Boyd’s 
claim for treble damages predicated on bad faith pursuant to article 21.21 of 
the Insurance Code and section 17.46 of the DTPA must likewise fail. Stewart 
Title Guar. Co. v. Aiello, 941 S.W.2d 68, 72 (Tex. 1997) (holding that 
although a jury finding of bad faith in handling an insurance claim could 
sustain a claim “that the insurer engaged in an unlisted deceptive trade 
practice under section 17.46 of the DTPA,” the lack of such a jury finding would 
preclude a bad-faith claim under section 17.46); see also Mid‑Century Ins. 
Co. v. Boyte, 80 S.W.3d 546, 549 (Tex. 2002). The determination that 
Boyd=s 
article 21.21 claim is not valid disposes of Boyd=s 
claim under 17.50 of the DTPA, which is also predicated on a violation of 
article 21.21 of the Insurance Code. See Tex. Bus. & Com. Code § 17.50(a)(4) 
(allowing a consumer to bring a DTPA claim for an act or practice in violation 
of article 21.21, Insurance Code). Again, if the trial court erred in granting 
the motion for summary judgment as to these claims, the error was harmless. 
See Tex. R. App. P. 44.1; 
Tex. R. App. P. 61.1.
Accordingly, 
without hearing oral argument, we reverse the court of appeals’ judgment and 
render judgment that Boyd take nothing. Tex. R. App. P. 59.1.
 
OPINION 
DELIVERED: August 26, 2005