

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00776-CV

Steven M. **DOSS**,
Appellant

v.

**WARRANTY UNDERWRITERS INSURANCE COMPANY**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-09415
Honorable Antonia Arteaga, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  November 21, 2012

AFFIRMED

Steven M. Doss ("Doss") obtained a judgment against Warranty Underwriters Insurance Company ("WUIC") that was paid in full. Asserting that payment of the judgment was untimely, Doss filed suit against WUIC alleging claims under the prompt payment of claims and unfair settlement practices provisions of the Insurance Code. Both parties moved for summary judgment. The trial court denied Doss's motion, granted WUIC's, and rendered summary judgment in favor of WUIC. We affirm.

**BACKGROUND**

Doss previously sued WUIC on his home warranty insurance policy issued by WUIC. That suit was arbitrated and Doss was awarded the costs of repairing the property damage, attorneys' fees, pre-judgment interest, and arbitration costs. The trial court rendered a final judgment confirming the arbitration award and adding post-judgment interest. On July 8, 2008, sixty-seven days after the final judgment was rendered, Doss accepted WUIC's payment in satisfaction of the judgment.

Almost two years later, Doss filed this suit against WUIC. Doss alleged WUIC is liable under the prompt payment of claims and unfair settlement practices provisions of the Insurance Code because WUIC did not attempt to settle when it was adjudged liable and its liability was reasonably clear and it did not timely pay the final judgment. *See* TEX. INS. CODE ANN. §§ 541.060(a)(2); 542.057–.058 (West 2009 & Supp. 2012). Doss sought to recover as damages 18% interest per year on the amount recovered in the prior lawsuit, statutory treble damages, post-judgment interest, and attorney's fees. *Id.* §§ 541.152(b), 542.060 (West 2009 & Supp. 2012). Both parties moved for summary judgment. WUIC asserted that Doss's claims based on conduct that occurred prior to the earlier judgment are barred by collateral estoppel and res judicata and that the Insurance Code provisions Doss relies on do not apply to the payment of judgments. The trial court granted WUIC's motion and rendered a take-nothing summary judgment. Doss appeals.

**STANDARD OF REVIEW**

When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion for summary

judgment and denies the other, the reviewing court must consider the evidence presented by both parties, determine all questions presented to the trial court, and render the judgment that the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## DISCUSSION

On appeal, Doss asserts the conduct about which he complains occurred after entry of the final judgment in the earlier case. He argues WUIC committed independent violations of the Insurance Code after entry of the final judgment in the earlier case because WUIC did not promptly and timely pay the judgment. We hold the reasoning of *Mid-Century Insurance Co. v. Boyte*, 80 S.W.3d 546 (Tex. 2002) (per curiam) is dispositive of this case.

In *Boyte*, the insured obtained a judgment against his insurance carrier for benefits due under the uninsured motorist provision of his policy. *Boyte*, 80 S.W.3d at 547. That judgment was affirmed on appeal. *Id.* Boyte filed a new suit against his insurer alleging among other claims common-law bad faith and violations of article 21.21 of the Insurance Code[1] based on the insurer's failure to pay the full amount of the judgment while the case was on appeal. *Id.* Boyte was awarded damages for common law and statutory bad faith, and the judgment was affirmed by the court of appeals. *Id.* The supreme court reversed, holding that a money judgment terminates an insurer's "duty of good faith because 'the only legal relationship between the parties following entry of judgment was that of judgment creditor and judgment debtor.'" *Id.* at 549 (quoting *Stewart Title Guaranty Co. v. Aiello*, 941 S.W.2d 68, 69 (Tex. 1997)). The

---

[1] Article 21.21 § 4(10)(a)(ii) of the Insurance Code was the predecessor of the current section 541.060(a)(2)(A) of the Insurance Code. *See* Act of May 19, 1995, 74th Leg., R.S., ch. 414, § 11, 1995 Tex. Gen. Laws 2988, 2999, *repealed by* Act of May 22, 2003, 78th Leg., R.S., ch. 1274, § 26(a)(1), sec. 561.060, 2003 Tex. Gen. Laws 3611, 3662, 4138 (effective April 1, 2005) (recodified without substantive amendment at TEX. INS. CODE ANN. § 541.060 (West 2009)). The statutory standard in former article 21.21 § 4(10)(a)(ii) was identical to the common-law bad faith standard. *Boyte*, 80 S.W.3d at 549.

supreme court reasoned that the concern giving rise to the duty of good faith is the disparity of bargaining power inherent in the insurer-insured relationship, a concern which simply does not arise in the judgment creditor-judgment debtor context. *Id.* at 548. The court stated that bad faith causes of action are unnecessary to compel payment of money judgments by insurers because the insured can employ traditional mechanisms to enforce a judgment. *Id.* It concluded that because the parties no longer stood as insurer-insured after judgment, article 21.21, section 4(10)(a)(ii) of the Insurance Code and common law bad faith claims no longer applied. *See id.* at 548–49.

The unfair settlement practices provision of the Insurance Code states it is a violation "with respect to a claim by an *insured*" to fail to attempt to effectuate a settlement of "a claim with respect to which the *insurer's* liability has become reasonably clear." TEX. INS. CODE ANN. § 541.060(a)(2)(A). (emphasis added). The prompt payment provisions of the Insurance Code likewise pertain to the rights and obligations of insureds and insurers. *See* TEX. INS. CODE ANN. §§ 542.051, .056, .057, .058, .060. Because these Code provisions apply only to the insurer-insured relationship, *Boyte's* reasoning applies with equal force to the causes of action Doss asserts in this case.

Furthermore, both the unfair settlement and prompt payment provisions of the Code apply only to "claims." *See* TEX. INS. CODE ANN. §§ 541.060, 542.051, .056–.058. When a claim is reduced to a final judgment, it is no longer a "claim." *See Boyte*, 80 S.W.3d 549. By their plain language, these Code provisions apply to "claims" and are inapplicable to the payment of final judgments. *See id.*; *DeLaGarza v. State Farm Mut. Auto. Ins. Co.*, 175 S.W.3d 29, 33 (Tex. App.—Dallas 2005, pet. denied) (refusing to extend predecessor of § 542.057 to "litigation process").

After judgment was rendered in the underlying suit, Doss no longer had a "claim" against WUIC, he had a judgment. The legal relationship between the parties as to the claims in that suit was no longer one of insurer–insured but rather one of judgment debtor and creditor. *See Boyte*, 80 S.W.3d 548–49. Neither the prompt payment of claims requirements nor the unfair settlement practices provisions of the Insurance Code apply to WUIC's payment of the judgment. *See id.* We therefore affirm the trial court's judgment.


Steven C. Hilbig, Justice