**Opinion issued February 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-01002-CV

———————————

## MICHAEL ZATORSKI, Appellant

## V.

## USAA TEXAS LLOYD'S COMPANY, Appellee

On Appeal from the 234th District Court
Harris County, Texas
Trial Court Case No. 2012-09265

## MEMORANDUM OPINION

After appellant Michael Zatorski's home was burglarized, he sued USAA Texas Lloyd's Company, alleging that USAA had represented to Zatorski that his renter's insurance policy would cover greater losses than it did. USAA moved for

summary judgment on all of Zatorski's claims, and the trial court granted the motion. We affirm.

## Background

Zatorski owned a high-rise, loft residence in Houston. In October 2009, a kitchen pipe broke and flooded the loft. Zatorski rented a single-family home while the loft was being repaired, and he called USAA to buy a renter's insurance policy. He spoke with a USAA representative, paid for a one-year renter's insurance policy over the phone, and did not review the written policy when he received it.

In June 2010, armed intruders broke into Zatorski's rental home and stole several firearms and his safe, which contained watches, jewelry, and cash; the items stolen had a total value of over $260,000. Zatorski made a claim against his rental policy for the value of the stolen items, and USAA responded that the policy limits were $1,000 for theft of jewelry, $2,000 for theft of firearms, and $200 for theft of cash. USAA paid Zatorski $4,500, which constituted payment of the policy limits for jewelry, firearms, and cash, plus $1,300 for the loss of the safe.

Zatorski sued. He asserted claims for misrepresentation under the Insurance Code and the DTPA, breach of contract, breach of the duty of good faith and fair dealing, unfair settlement practices in violation of Section 541.060 of the Insurance Code, breach of fiduciary duty, and unjust enrichment. Zatorski alleged that he

2

told the USAA representative that he wanted "full coverage" for all of the items that would be in his rental home, and specifically mentioned that he has "numerous luxury watches, jewelry, and flat-screen television monitors among other things." According to Zatorski's petition, the representative assured him that he would have "'full coverage,' including full coverage for the valuables, including the watches and other jewelry." He asserted that USAA should be liable to him for the full value of all of the items stolen from his rental home plus statutory damages for the Insurance Code violations.

USAA moved for traditional summary judgment on Zatorski's Section 541.060 claim and no-evidence and traditional summary judgment on Zatorski's remaining claims. USAA's primary arguments were that its representative's alleged representations regarding the rental policy's coverage were too vague to be actionable and that Zatorski was charged with knowledge of the contents of the policy and therefore could not have relied upon any contrary alleged misrepresentations. The trial court granted the motion.

## Discussion

Zatorski argues that the trial court erred in granting summary judgment on all of his claims for two reasons: (1) USAA's representations that he had "full coverage" were sufficiently specific to be actionable, and (2) he overcame the presumption that he knew the contents of the policy by showing that he did not

3

read the policy and instead relied upon USAA to provide a policy consistent with its representations.

## A.    Standard of Review

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). When a party has filed both a traditional and no-evidence summary judgment motion, we typically first review the propriety of the summary judgment under the no-evidence standard. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). We take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the

4

nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

## B.    Misrepresentation under the Insurance Code and DTPA

In its summary-judgment motion, USAA contended that there was no evidence that it made an actionable misrepresentation to Zatorski. Thus, Zatorski bore the burden to adduce evidence raising a genuine issue of material fact regarding whether an actionable misrepresentation was made. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524. In his response, Zatorski asserted that the summary judgment should be denied because he "was very specific on what [he] wanted to be covered," asked whether jewelry, watches, firearms, and flat-panel screens would all be covered by the policy, and was told

5

"everything's covered," and specifically, that his watch collection was "fully covered."

### 1. Applicable Law

Generally, to prevail on a misrepresentation claim under the Insurance Code or the DTPA, an insurance policyholder must identify a specific misrepresentation upon which he relied. *See Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 798 (Tex. App.—Dallas 2011, no pet.); *Moore v. Whitney-Vaky Ins. Agency*, 966 S.W.2d 690, 692–93 (Tex. App.—San Antonio 1998, no pet.). "General claims by the insurer of the adequacy or sufficiency of coverage . . . are not generally actionable . . . ." *See State Farm Cnty. Mut. Ins. Co. of Tex. v. Moran*, 809 S.W.2d 613, 621 (Tex. App.—Corpus Christi 1991, writ denied).

### 2. Analysis

The summary-judgment evidence included excerpts from Zatorski's deposition, in which he testified that he called USAA and told the representative that he wanted a rental policy with "full coverage." Zatorski testified:

> I'd specifically said I wanted it—him to cover all my jewelery, my watch collection. I had guns. I had computer screens. I had expensive computers that I use for my work. I had flat-panel screens. I had probably eight or nine of those, and I have expensive furniture and clothing.

According to Zatorski's testimony, he told the USAA representative that he wanted "full coverage for, like, if someone breaks in my house when I'm gone and steals

everything." The USAA representative told him that "everything's covered," and "Yes, you're covered fully."

However, the summary-judgment evidence also shows that Zatorski did not tell the representative the value of any of the items for which he sought to buy coverage. Zatorski conceded that he "didn't say a specific number. I just said 'valuables and jewelry . . . [w]atches, guns.'" USAA confirmed, "So, you did not give them a dollar value?" and Zatorski responded, "No . . . he asked me what I think I needed, and I told him and so, he gave me the policy that would cover everything." Zatorski confirmed that he "didn't discuss specifically the dollar value of [his] watches," either individually or as a group, and that he did not discuss the value of his firearms as a group. He testified,

> I discuss—I discussed the value of—when I was on the phone with him, sitting there and calculating up, "How much do you think I need to cover?" If you added up all those items, what I needed and he asked me what I needed.
>
> I said, "Well, hold on. I have this. I have that. I have watches. I have—" so, I was, like, "Let me see."
>
> And we had a discussion about it—detailed discussion about it.
>
> I said, "I'll probably need, you know, X amount."
>
> He said, "Okay. You get this policy."
>
> I said, "It's fully covered?"
>
> He said, "Yes."

Thus, although the evidence showed that Zatorski did confirm that certain types of items would be covered under the rental policy, it also shows that Zatorski never told the representative the value of the items. At most, the evidence showed that Zatorski told the representative that the value of "this," "that," and the "watches" together was "X amount." There is no evidence showing what "X amount" was.

Zatorski does not complain that any of the types of items that he discussed with the representative were not covered by the rental policy. He disputes only the limits of coverage for watches, guns, and jewelry. But by Zatorski's own admission, he failed to give the USAA representative the dollar value of each category of items for which he wanted coverage. Moreover, nearly $50,000 of the amount claimed by Zatorski was comprised of cash, and there is no evidence that Zatorski mentioned cash to the USAA representative. Thus, representations that "everything's covered" or "fully covered" cannot constitute an actionable misrepresentation. *See, e.g.*, *Manion v. Sec. Nat'l Ins. Co.*, No. 13-01-00248-CV, 2002 WL 34230861, at *2 (Tex. App.—Corpus Christi Aug. 15, 2002, no pet.) (not designated for publication) (affirming summary judgment because insurance representative's statement that homeowner was getting "full coverage" was not an affirmative representation that policy contained specific coverage). Because Zatorski failed to raise a fact issue regarding an actionable misrepresentation,

summary judgment on Zatorski's misrepresentation claims was proper. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524.

## C.    Breach of contract

In its summary-judgment motion, USAA contended that there was no evidence that it breached any provision of the rental policy. Thus, Zatorski bore the burden to adduce evidence raising a genuine issue of material fact regarding breach. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524. The elements of a breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

The summary-judgment evidence included the rental policy, which provided a $2,000 limit for theft of firearms, a $1,000 limit for theft of jewelry, and a $200 limit for theft of money. The policy also provided that no changes to the coverage stated therein could be made except by USAA in writing. The summary-judgment evidence further showed that USAA tendered payment to Zatorski to the policy limits.

Zatorski contends that USAA breached the policy because it did not provide Zatorski with the full coverage that it promised to provide during Zatorski's

telephone conversation with the USAA representative. But Zatorski cannot rely on an alleged breach of a promise outside of the written contract to raise a fact issue on breach. *See, e.g.*, *Osborne v. Coldwell Banker United Realtors*, No. 01-01-00463-CV, 2002 WL 1480894, at \*8 (Tex. App.—Houston [1st Dist.] July 11, 2002, no pet.) (not designated for publication) (to raise fact issue regarding breach of contract, movant must identify provision within that contract that was breached). And Zatorski did not identify any provision contained in the policy that USAA breached. *See id.* Accordingly, summary judgment on Zatorski's breach of contract claim was proper. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524.

## D. Breach of the duty of good faith and fair dealing

In its summary-judgment motion, USAA contended that there was no evidence that it breached the duty of good faith and fair dealing. Thus, Zatorski bore the burden to adduce evidence raising a genuine issue of material fact regarding breach of the duty of good faith and fair dealing. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524. An insurer violates its duty of good faith and fair dealing by denying or delaying payment of a claim when it is "reasonably clear" that the claim is covered. *See Universe Life Ins. Co. v Giles*, 950 S.W.2d 48, 55–56 (Tex. 1997).

The summary-judgment evidence showed that USAA paid Zatorski's claim up to the policy's express limits. Zatorski contends that USAA breached the duty of good faith and fair dealing by failing to provide a higher amount of coverage promised to Zatorski during his phone conversation with a USAA representative. Because Zatorski failed to raise a fact issue on his contract claim—i.e., failed to adduce evidence raising a genuine issue of material fact about whether USAA denied or delayed payment of any covered claim—summary judgment on this claim was proper. *See Mack Trucks, Inc.*, 206 S.W.3d at 582; *Hahn*, 321 S.W.3d at 524.

**E.     Unfair settlement practices under Insurance Code Section 541.060**

In its summary-judgment motion, USAA contended that it was entitled to traditional summary judgment on Zatorski's unfair settlement practices claim because it was entitled to summary judgment on his breach of the duty of good faith and fair dealing claim, and the standard for these claims is the same. The common-law standard for an insurer's breach of the duty of good faith and fair dealing is the same as the standard under Insurance Code Section 541.060. *See Mid-Century Ins. Co. of Tex. v. Boyte*, 80 S.W.3d 546, 549 (Tex. 2002) (common law and statutory standard is failing to effectuate settlement of claim when insurer's liability has become reasonably clear; construing predecessor to Section 541.060); *compare* TEX. INS. CODE ANN. § 541.060(a)(2)(A) (West 2009) (unfair

11

settlement practice is "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear") *with Giles*, 950 S.W.2d at 55–56 (insurer violates duty of good faith and fair dealing by denying or delaying payment of a claim when it is "reasonably clear" that claim is covered).

Zatorski contends that summary judgment on his breach of the duty of good faith and fair dealing claim was improper, and therefore summary judgment on his unfair settlement practices claim was improper. But we have concluded that summary judgment on Zatorski's breach of the duty of good faith and fair dealing claim was proper; thus, we conclude that summary judgment on Zatorski's unfair settlement practices claim was also proper. *See Boyte*, 80 S.W.3d at 549.

We overrule Zatorski's two issues.[1]

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

---

[1] Zatorski abandoned two claims—breach of fiduciary duty and unjust enrichment—on which the trial court granted summary judgment by failing to address them on appeal.